Argued and submitted August 1, accused reprimanded September 7, 1983

In Re: Complaint as to the Conduct of

## RICHARD S. MANNIS,
*Accused.*

(SC 29415)

668 P2d 1224

Jack H. Cairns, Portland, argued the cause and filed a brief for the Accused.

Michael J. Esler, Esler & Schneider, Portland, argued the cause and filed a brief for the Oregon State Bar.

Before Lent, Chief Justice,* and Linde, Campbell, Roberts, Carson and Jones, Justices.

PER CURIAM

---

* Justice Lent was Chief Justice when this case was argued. Justice Peterson was Chief Justice when this decision was rendered.

## PER CURIAM

The issue framed by the briefs and oral argument is what sanction to impose for violations of DR 9-102(A) of the Code of Professional Responsibility, which provides:

"All funds of clients paid to a lawyer or law firm, including advances for costs and expenses, shall be deposited in one or more identifiable trust accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:

"(1)    Funds reasonably sufficient to pay account charges may be deposited therein.

"(2)    Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved."

Simply stated, the record discloses that the accused's clients' funds, on many occasions, were not deposited in an identifiable trust account; rather, they were deposited in the accused's general account.

We find that it has not been established by clear and convincing evidence that the accused was personally aware of the commingling of his clients' funds with his own. We accept the findings of the Trial Board and the Disciplinary Review Board that the accused's employees were responsible for the comminglings and that the accused had spent considerable funds in attempting to establish his banking, bookkeeping and accounting systems on both a businesslike and ethical basis. We further find, as did the Boards, that the commingling was done with no intent of the accused to enrich himself and that no client was harmed by reason of the comminglings.[1]

During oral argument, a member of this court raised the question of whether DR 9-102(A) is a "strict liability" provision and, therefore, a lawyer may be held to have violated the rule upon other than a personal participation basis. The

---

[1] Of course, the want of financial harm to the clients does not excuse unethical conduct. See, for example, *In re Pierson*, 280 Or 513, 571 P2d 907 (1977).

parties, through respective counsel, acknowledged that nowhere in the course of these proceedings had that point been addressed. We are loath to do so without adversarial briefing and argument. We shall, accordingly, assume for the purpose of disposition of this case that the lawyer is responsible for his employees' acts in commingling his funds with those of his clients.

The Disciplinary Review Board has recommended that this court publicly reprimand the accused. The record discloses that the accused has now instituted bookkeeping procedures to prevent further commingling. In the circumstances, we do not believe that a more serious sanction is justified. Although we stated in *In re Pierson,* 280 Or 513, 571 P2d 907 (1977), in general terms, that lawyers who converted their clients' funds were to be disbarred, we have implicitly recognized that conversions may differ in kind. *In re Smith,* 292 Or 84, 636 P2d 923 (1981). Here, although there was technically a conversion of clients' funds in the tort sense, the accused would be guilty of conversion only under the doctrine of respondeat superior.

This opinion will serve as a public reprimand to the accused. The Oregon State Bar is awarded its actual and necessary costs and disbursements. ORS 9.535(4).